# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| M.B., a minor, by and through her mother Helena Baker; and HELENA BAKER, individually,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>FEDERAL WAY SCHOOL DISTRICT NO. 210; CITY OF FEDERAL WAY; and DOES 1-30,<br><br>　　　　　　Defendants. | C14-1273 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on the unopposed motions of defendants Federal Way School District No. 210 (the "District"), docket no. 43, and City of Federal Way (the "City"), docket no. 38. Neither the Complaint, docket no. 1, nor the Amended Complaint, docket no. 11, was verified. *See* <u>Lew v. Kona Hosp.</u>, 754 F.2d 1420, 1423 (9th Cir. 1985) ("A verified complaint may be treated as an affidavit to the extent that the complaint is based on personal knowledge and sets forth facts admissible in evidence and to which the affiant is competent to testify."). Moreover, neither plaintiff M.B., also known as M.P., *see* M.P. Dep. at 184:11-16, Ex. A to Buchanan Decl. (docket no. 44-2), nor her mother Helena Baker has submitted a declaration or any other material in

ORDER - 1

opposition to the pending motions.  Having reviewed the papers filed by the moving parties, the Court enters the following order.

**Background**

Plaintiff M.B. is a female juvenile who, from December 2011 until June 2013, attended Saghalie Middle School ("Saghalie") in Federal Way, Washington.  *See* M.P. Dep. at 14:11-13, 105:23-106:1, Ex. A to Buchanan Decl. (docket nos. 44-1).  M.B. is of African-American and Roma descent.  Am. Compl. at ¶ 19 (docket no. 11).  Between January 13, 2012, and May 30, 2013, M.B. was disciplined at least ten times for disruptive behavior, receiving on each occasion either a half-day in-school suspension or a suspension from school for a period ranging up to five days.  Exs. F-M & O-P to Buchanan Decl. (docket nos. 44-4 & 44-5).

During this period, on September 19, 2012, M.B. was involved in an altercation with her adult half-sister, Jessica Porter, which took place in a hallway at Saghalie.  *See* Ross Decl. at ¶¶ 5-6 & Ex. A (docket no. 46); Kilcup Decl. at ¶ 3 & Ex. A (docket no. 45).  Porter was arrested and removed from the campus.  Ex. D to Buchanan Decl. (docket no. 44-3).  According to M.B.'s mother, school officials had been told that Porter posed a safety risk to M.B. and was not to have contact with her.  *See* Baker Dep. at 115:3-24, Ex. C to Buchanan Decl. (docket no. 44-3).  Mark Kilcup, who was the Assistant Principal at Saghalie during the 2012-2013 academic year, and who escorted Porter through the school to meet M.B., denies that he or anyone at the school had notice of any danger Porter might have posed to M.B.  Kilcup Decl. at ¶¶ 5-6 (docket no. 45).  An independent investigator, Carlos A. Chavez, a partner at Pacifica Law Group,

ORDER - 2

concluded that, prior to the September 2012 incident, Saghalie administrators had not been made aware of any threat Porter posed to M.B.  <u>See</u> Chavez Decl. at ¶ 6 & Ex. A (docket no. 47).

M.B. began the 2013-2014 academic year at Decatur High School ("Decatur") in Federal Way.  M.P. Dep. at 14:14-17, Ex. A to Buchanan Decl. (docket no. 44-1); <u>see</u> Am. Compl. at ¶ 36 (docket no. 11).  On November 13, 2013, M.B. assaulted a fellow student by pulling off the student's wig, which was worn to cover a burn injury, causing the student both physical pain and emotional distress.  <u>See</u> Ex. R to Buchanan Decl. (docket no. 44-5).  M.B. was arrested, and while being placed in a Federal Way Police patrol car, she kicked an officer in the chest.  <u>Id.</u>  She was subsequently expelled from school for the remainder of the academic year.  <u>See</u> Baker Dep. at 170:5-16, Ex. C to Buchanan Decl. (docket no. 44-3).

In this action, plaintiffs allege four types of claims:  (i) failing to protect M.B. from Porter; (ii) allowing Porter access to M.B. in retaliation for M.B.'s exercise of First Amendment rights; (iii) violating M.B.'s Fourth Amendment rights in forcibly arresting her; and (iv) discrimination on the basis of gender and/or race.  Plaintiffs assert seven overlapping causes of action, five of which are pleaded under 42 U.S.C. § 1983, and the other two of which are pleaded under other federal statutes, namely § 901 of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ."), and § 601 of Title VI of the Civil Rights Act of 1964,

ORDER - 3

42 U.S.C. § 2000d ("No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."). Plaintiffs have named as defendants only the District and the City; they have not identified any of the Does mentioned in their operative pleading and they have not joined any individuals as defendants.

**Discussion**

A.   **Standard for Summary Judgment**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

B.   **Municipal Liability under 42 U.S.C. § 1983**

Both the District and the City seek summary judgment under *Monell v. Dept. of Soc. Servs. of N.Y.C.*, 436 U.S. 658 (1978), which indicates that municipalities cannot be

ORDER - 4

1  held liable under 42 U.S.C. § 1983 for the torts of their employees.  *See*, *e.g.*, Botello v.
2  Gammick, 413 F.3d 971, 978 (9th Cir. 2005).  Municipalities are accountable under
3  § 1983 only for (i) employee actions taken pursuant to official policy or longstanding
4  practice or custom, and (ii) conduct by a person with final policy-making authority,
5  which may take the form of either direct involvement in the alleged constitutional
6  violation or ratification of the decision of a subordinate.  Id. at 978-79; *see* Ulrich v. City
7  & County of San Francisco, 308 F.3d 968, 985 (9th Cir. 2002).  Although the Amended
8  Complaint contains conclusory *Monell* allegations, plaintiffs have provided no evidence
9  that any of the constitutional injuries for which they seek redress, namely substantive due
10 process, free speech, equal protection, and search and seizure violations, were the result
11 of an official policy, a longstanding practice or custom, or the actions or ratification of a
12 final policy maker.

13     For example, with respect to plaintiffs' assertion that the District violated their
14 constitutional rights by failing to prevent M.B.'s half-sister from having contact with and
15 assaulting her on school premises, plaintiffs fail to show that the District had an official
16 policy or longstanding practice or custom of permitting unauthorized visits or promoting
17 violence toward its students.  Moreover, plaintiffs offer no evidence that a final policy
18 maker participated in the events leading to the assault or later ratified any precipitating
19 actions.  Similarly, with regard to plaintiffs' allegation that, on a different occasion, the
20 City violated M.B.'s Fourth Amendment rights when a Federal Way police officer
21 forcibly arrested her, plaintiffs provide no evidence that, if the officer's actions
22 constituted an unreasonable search or seizure, they were taken pursuant to official policy
23

ORDER - 5

or longstanding practice or custom or were subsequently ratified by a final policy maker. Because plaintiffs have not made the requisite showing under <u>Monell</u>, their § 1983 claims against the District and the City, namely their First, Second, Third, Fourth, and Seventh Causes of Action, are DISMISSED with prejudice.

C.  **Gender-Based and Racial Discrimination**

With regard to the claims that M.B. was subjected to discipline in a discriminatory manner, plaintiffs fail to establish a prima facie case.  Although M.B. testified in her deposition that she felt "picked on" because of her gender and/or race, <u>see</u> M.P. Dep. at 164:8-165:12, 190:5-15, Ex. A to Buchanan Decl. (docket no. 44-2), her step-father indicated more than once in his deposition that he did not believe gender or race played any role in M.B.'s various suspensions, <u>see</u> T. Baker Dep. at 113:20-25, 115:21-25, 122:19-24, 124:1-7, Ex. B to Buchanan Decl. (docket no. 44-3).  Plaintiffs have offered no evidence that male or non-minority students engaging in disruptive behavior similar to M.B.'s were not disciplined or received less severe sanctions.  Plaintiffs have also presented no evidence that school officials made any comments in connection with imposing discipline on M.B. that might indicate a gender-based or racial animus. Plaintiffs' discrimination claims, which are set forth in their Second, Fourth, Fifth, and Sixth Causes of Action, are DISMISSED with prejudice.

D.  **Claims Against Does 1-30**

The deadline for joining parties expired on April 30, 2015, and the deadline for amending pleadings expired on September 16, 2015.  The time for plaintiffs to identify, join, and serve the individuals as to whom the "Does 1-30" allegation serves as a

placeholder has come and gone.  Plaintiffs could not plausibly argue that they do not know the names of the individuals involved in the various events on which they base their claims.  M.B. and her parents are well-acquainted with the relevant District personnel, and the police reports related to Porter's ill-fated visit to Saghalie and M.B.'s arrest at Decatur clearly indicate which Federal Way police officers responded to the scenes.  Plaintiffs' failure to name any of these individuals as defendants must be viewed as either a tactical decision or a failure to prosecute.  Either way, the moment has arrived beyond which plaintiffs may not continue to pursue claims against unknown parties.  Plaintiffs' claims against Does 1-30 are therefore DISMISSED with prejudice.

**Conclusion**

For the foregoing reasons, the motions for summary judgment brought by the District, docket no. 43, and the City, docket no. 38, are GRANTED.  Plaintiffs' claims against the District and the City are DISMISSED with prejudice.  Plaintiffs' claims against Does 1-30 are also DISMISSED with prejudice.  The Clerk is DIRECTED to enter judgment consistent with this Order, to send a copy of this Order to all counsel of record, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 27th day of January, 2016.

Thomas S. Zilly
United States District Judge

ORDER - 7